AMERICAN ELECTRICAL WORKS *vs.* VARLEY DUPLEX MAGNET COMPANY.

PROVIDENCE—OCTOBER 22, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1) *Equity. Restraining Orders. Injunctions.*

A restraining order is not expected to do final and complete justice between the parties to a suit; its office is to hold matters approximately in *statu quo* so as to prevent irreparable injury until, on final hearing with the whole matter before it, the court may determine and adjust all rights involved.

(2) *Equity Pleading.*

On a bill in equity, before the filing of an answer the court will not consider questions which should properly be presented upon a hearing on the merits.

BILL IN EQUITY on grounds set forth in opinion 26 R. I. 295. Heard on motion of respondent to modify restraining order. Motion denied.

PER CURIAM. The restraining order in general terms for-

bids the respondent to remove machinery which it had placed upon or about the premises of the complainant. This machinery was voluntarily supplied by the respondent as a contribution towards the joint manufacturing business to be carried on by the parties under their agreement.

No necessity for retaking any part of this machinery is shown, even if it would not be a violation of the agreement to use it or allow it to be used elsewhere in this country.

(1)  A restraining order is not expected to do final and complete justice between the parties to a suit; its office is to hold matters approximately *in statu quo*, so as to prevent irreparable injury, until, on final hearing with the whole matter before it, the court may determine and adjust all rights involved.

(2)  Since the entry of this order a hearing has been had upon the respondent's demurrer, and an opinion was rendered July 28, 1904; but no draft of a decree has been offered by either party, and no answer has been filed to the bill. At this stage of the case we do not conceive it to be our duty to consider questions which would be more properly presented at a final hearing.

The motion to modify the order is therefore denied.

*Van Slyck & Mumford*, for complainants.
*Edwards & Angell*, for respondents.