WILLIAM ARMOUR, Trustee, *et al., vs.* WILLIAM H. HALL, *et al.,* Trustees.

OCTOBER 18, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Equity.   Preliminary Injunctions.*

The issuance of a preliminary injunction rests in the sound discretion of the court and as a rule the exercise of this discretion will not be interfered with on appeal unless it is reasonably clear that it has been exercised in an illegal manner.

The granting of such injunction does not amount to a final determination of the rights of the parties, but simply holds matters *in statu quo* until final hearing.

BILL IN EQUITY. Heard on appeal of respondents from decree for preliminary injunction. Appeal dismissed.

PER CURIAM. This is a bill in equity by which the complainants seek to permanently enjoin the respondents from erecting certain permanent structures above and across a certain gangway through which the complainants have the privilege of passing.

The bill was filed June 29th last, and the cause was heard on the prayer for a preliminary injunction on the 13th day of July following. At the hearing the complainants' solicitor read into the record the portion of the will creating the easement claimed to be interfered with and made certain statements of relevant facts which were apparently accepted as true by respondents' solicitors. The bill of complaint is sworn to. The respondents admitted the intention to erect the structures complained of, but offered testimony tending to show that they would not materially interfere with the reasonable enjoyment of the complainants' easement. The Superior Court granted the prayer for a preliminary injunction and a decree to that effect was entered July 15. The cause is before this court on appeal of respondents from this decree.

The bill in equity, the reported testimony and the record otherwise have been read and considered with care. The issuance of a preliminary injunction rests in the sound discretion of the court and as a rule the exercise of this discretion will not be interfered with on appeal unless it be reasonably clear that it has been exercised in an illegal manner. 16 Am. & Eng. Encyc. of Law, 345, and cases cited under note 3; *Clark* v. *Wooster*, 119 U. S. 322, 325. We do not feel justified in saying that illegality in the manner of its exercise is apparent in this present instance. Of course the granting of a preliminary injunction is not a final determination of the rights of the parties; and it is not to be so understood in this case. Its office is to hold matters approximately *in statu quo* and to prevent the doing of any

act whereby the right in question may be irreparably injured or endangered until, after the pleadings are completed and the issues are joined, upon final hearing with the whole matter before it, the court may determine all rights involved.

The appeal is denied and dismissed.

*Richard B. Comstock, Richard E. Lyman,* for complainants.

*J. Jerome Hahn, Raymond P. McCanna, Bassett & Raymond,* for respondents.