Raymond J. McGee *d.b.a.*, Thomas P. McGee & Son *vs.*
Local 682 of the Brotherhood of Painters, Decorators
and Paperhangers of America, A. F. of L. *et al.*

FEBRUARY 3, 1943.

Present: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. This is a bill in equity in which the complainant seeks injunctive relief against the respondents. The superior court, after a hearing on the complainant's prayer for a preliminary injunction, granted the prayer and a decree was duly entered. The respondents thereupon prosecuted their appeal to this court from the entry of that decree.

In substance, the complainant, who for many years has conducted a painting, paper-hanging and decorating business in Woonsocket in this state and who employs about twenty persons, alleged in his bill that the respondents have deliberately interfered with his business by representing to his present customers and to prospective customers that he is unfair to organized labor, and by threatening to picket said customers unless they sever business relations with him; that because of the respondents' conduct the complainant has had contracts cancelled and his name removed from the bidding list of some of his customers, actual and prospective; and that the respondents have threatened to continue to act as aforesaid. The complainant, therefore, prayed that the respondents be temporarily and permanently enjoined from interfering with his said customers.

The respondents contend that the superior court committed error in entering the decree appealed from because its effect was to deny them their alleged right of freedom of speech; because that court had no jurisdiction to grant any injunction at all in this cause; and because the complainant is seeking equitable relief without first doing equity himself.

In our opinion, in view of the record before us, we cannot pass on these issues at this time. The bill is sworn to by the complainant and no answers have been filed by the respondents. No testimony was introduced before the justice who granted the preliminary injunction. The complainant merely agreed at the hearing in the superior court that the respondents' witnesses would testify to the existence of certain facts. The transcript shows that the material facts

of the cause were referred to in the superior court by the parties only briefly and indefinitely, and the record, therefore, is in an incomplete and unsatisfactory condition. For example, it would appear that the respondents' alleged rights herein may depend upon the existence and interpretation of a certain contract which had been entered into by the parties. That contract, however, was not introduced in evidence, and neither the superior court nor this court has had the benefit of examining it or considering all its provisions. It is clear that the correctness of the respondents' basic contentions cannot now be determined from such a record, but must await a full hearing on the merits of the cause after the pleadings are closed.

At present the cause is before this court after the granting of a preliminary injunction only. It has been held that the issuance of a preliminary injunction rests in the sound discretion of the superior court and that, as a rule, the exercise of that discretion will not be interfered with by this court on appeal unless it is reasonably clear that such discretion has been exercised in an illegal manner. *Armour v. Hall,* 38 R. I. 300. See also *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co.,* 39 R. I. 69; *St. Michael's Church* v. *Bohachewsky,* 48 R. I. 234.

In our opinion, the above principle of law applies to the instant cause. It is apparent that the trial justice, in granting complainant's prayer for a preliminary injunction, was merely attempting to hold matters in *statu quo* until a final hearing on the merits of the bill could be had. We do not find that in so doing he exercised his discretion in an illegal manner. Whether the complainant has no standing in court, as the respondents contend, cannot be determined at this time on such an incomplete record.

Finally, they contend that the decree appealed from was, in any event, too broad and indefinite. In our judgment, there is merit in this contention. The decree in question resembles a final decree and contains no reference specifically to the relief prayed for in the bill of complaint. We are

of the opinion, therefore, that a new decree should be entered, in accordance with the prayer of the bill of complaint, temporarily and until further order of the court enjoining the respondents from interfering with any of the present customers or prospective customers of the complainant in the general painting and paper-hanging business.

The decree appealed from should be modified as indicated. Subject to such modification the respondents' appeal is denied and dismissed.

On February 12, 1943 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*John R. Higgins, Higgins & Silverstein,* for complainant.

*Edward F. Dwyer, Irving I. Zimmerman,* for respondent.