STUDLEY LAND COMPANY *vs.* DWIGHT T. MYERS *et al.*

APRIL 5, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought chiefly to enjoin the city of Providence, its traffic engineer and police officials from designating and maintaining for exclusive use as bus stops certain areas at the curbs of sidewalks adjacent to the front and rear respectively of complainant's abutting building.   The cause was heard by a justice of the superior court on complainant's prayer for a preliminary injunction, at which time the respondents had not filed an answer.   Thereafter a decree was entered in accordance with the decision granting the preliminary injunction as prayed, and from that decree the respondents duly prosecuted their appeal to this court.

The respondents also filed with such appeal a petition to modify the injunction.   After a hearing thereon, by agreement of the parties and *without prejudice* to the rights of

either of them as to the merits of the appeal or cause, an order was entered in this court modifying the decree of preliminary injunction so as to permit only the busses to stop in the designated areas during the hours from four to six o'clock in the afternoon.

The bill, which is quite lengthy, alleges among others the following facts. The complainant corporation is the owner of land improved by a large office building having only two public entrances, namely, at 49 Westminster street and at 24 Exchange Place in the city of Providence. The proper conduct of the building and the business of its occupants requires at all times free and full access to both of said entrances. The respondents, as city officials in charge of regulating traffic and enforcing traffic ordinances, have designated and marked off as bus stops the curb areas of the sidewalks on both streets for practically the full width of complainant's building. They have enforced an ordinance and order thereunder that no vehicles other than the busses of a public utility may stop, unload, or park at any time for any purpose whatsoever in either of those areas. They have also in effect prohibited during business hours all use of said marked areas by complainant, its tenants, business visitors, and others called to serve the building and tenants.

It is alleged, therefore, that respondents' actions in the premises constitute an unlawful violation of the vested property rights of complainant; that the ordinance purporting to authorize such actions is invalid and constitutes a violation of complainant's rights under sections 10 and 16 of article I of the constitution of Rhode Island and under the fourteenth amendment of the constitution of the United States; that in any event the enforcement of such ordinance in the manner set forth is unnecessary, unreasonable and arbitrary; that it amounts to confiscation of complainant's property without compensation; that it is causing irreparable harm and damage to complainant; and that all

of these facts entitle it as owner of the land and building to a preliminary and permanent injunction as prayed for in the bill.

At the hearing in the superior court, evidence was introduced by complainant tending to support in fuller detail the above-mentioned and other allegations of the bill. However, for the purpose of such hearing most of the testimony was directed to conditions as they appeared at the curb of the sidewalk adjacent to the rear of complainant's building where it abuts northerly on Exchange Place about 75 feet and where respondents have appropriated practically all of such curb area for a bus stop. Considering that the only other public entrance to the building is on Westminster street, where another bus stop was similarly maintained by respondents, the designation and maintenance of the bus stop on Exchange Place, according to complainant's bill and evidence, resulted in a practical expropriation of complainant's easement of way over the sidewalk appurtenant to its land for substantially the whole width of its building on that street, and unreasonably prevented all normal and necessary use by other vehicles to render customary service to such building, its occupants and owner.

The respondents, who, as stated, had not filed an answer at the time of the hearing, also introduced considerable evidence to support their actions in designating the areas for the exclusive purpose of bus stops and in preventing all other vehicles from stopping, unloading, or parking there at any time. In general this testimony was introduced to support the claim of respondents that they were acting under a valid ordinance passed in the exercise of the city's police power to regulate traffic at a place which vitally affected the concentration of traffic near the area in question; that in the circumstances the rights of the municipality for traffic purposes on the highway are paramount to any rights of an abutting owner, even to the extent of excluding such

owner from all use by other vehicles of its easement of way appurtenant to the land; that the regulations and enforcement thereof were both necessary and reasonable, especially in view of modern problems and demands in connection with regulating increased downtown traffic on such heavily-traveled highways; that for reasons elaborated in the testimony it was not feasible to move the bus stop on Exchange Place either to the west or to the east; and that good traffic engineering supported the designation and maintenance thereof in the present area.

The trial justice in his decision adverted to the law applicable to the granting of a preliminary injunction, reviewed to a certain extent the evidence before him, and came to the conclusion that complainant had shown a sufficient prima facie case in accordance with the decided cases to entitle it to a preliminary injunction. Thereafter he entered the decree appealed from, which in terms apparently granted as full an injunction as the complainant would have been entitled to if it had prevailed after a hearing on the merits.

In connection with their appeal therefrom, respondents have cited many cases from other jurisdictions in an attempt to support their contentions as to the applicable law. Whether or not such cases properly state the law which should be applied if the merits of the cause were being finally determined is not before us for consideration at this time. Ordinarily where a cause is before the court only on a hearing for preliminary injunction, without suitable pleading or other appropriate agreement of the parties, the merits of such cause are not presented for final determination.

In *American Electrical Works* v. *Varley Duplex Magnet Co.*, 26 R. I. 440, this court stated in substance that without the filing of an answer it would not consider the questions ordinarily presented for determination upon the hearing of the merits of the cause. Moreover we have held: "The granting of such an injunction does not amount to a formal

or final determination of the rights of the parties; its office is merely to hold matters approximately in *statu quo,* until the cause may be properly and finally heard and determined upon its merits; and to prevent, in the meantime, the doing of any act whereby the rights in question may be irreparably injured or endangered." *Miller* v. *Tanenbaum,* 61 R. I. 92, 95; *McGee* v. *Local 682 of the Brotherhood of Painters, Etc.,* 69 R. I. 1. It is also well established that the granting of a prayer for a preliminary injunction rests largely in the sound discretion of the court. *Armour* v. *Hall,* 38 R. I. 300; *McGee* v. *Local 682 of the Brotherhood of Painters, Etc., supra.*

These propositions of law are especially pertinent in this type of case where the constitutionality of an ordinance and actions thereunder, when properly brought into question, may be conditioned largely by a showing of particular facts. At the time of the hearing in the superior court no answer was filed and no factual issue had been joined. Nor did the parties there agree that the cause could be finally determined as if it were being heard on the merits. Moreover, since that time an answer has been filed indicating respondents' desire to have a hearing on the merits as to both facts and law. No suggestion was made that this court might treat the cause as ready for final determination. Rather the gist of respondents' pleading and argument has been addressed to the law which they contend should be applied after a final hearing on the merits.

In our judgment, therefore, the only question before us is whether it is reasonably clear that the trial justice's discretion has been exercised in an illegal manner. *Armour* v. *Hall, supra.* See also *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co.,* 39 R. I. 69; *St. Michael's Ukrainian Greek Catholic Church of Woonsocket* v. *Bohachewsky,* 48 R. I. 234. Of course a preliminary injunction should not be granted unless the complainant has shown a

prima facie case for relief. *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co., supra,* at page 75.

From our examination of the decision of the trial justice, who referred therein to certain of the above-mentioned cases and the principle of the law applicable to a hearing on preliminary injunction, we find no ground for the complaint that he misconceived the law in that regard. We are also of the opinion that his judgment that upon the evidence complainant had made out a prima facie case for such relief is in accordance with the law and is not an abuse of discretion. In the circumstances, however, we are of the opinion that the decree as originally entered may have been more sweeping than the relative rights of the parties required during the pendency of the cause, and that a decree such as previously modified by the order of this court would be sufficient to preserve the rights of all parties until further modification thereof may be agreed upon by the parties or be ordered by the court.

The respondents' appeal is sustained in part, the decree appealed from is modified as above stated; otherwise it is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis I. McCanna,* for complainant.

*William E. McCabe,* City Solicitor, *James J. Corrigan,* Assistant City Solicitor, for respondents.