KENNETH WRIGHT *et al. vs.* MURIEL WRIGHT.

JUNE 18, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought by certain children of a grantor to set aside a deed conveying designated real estate to himself and the respondent as joint tenants, and for related injunctive and other relief.   It was heard by a justice of the superior court on complainants' prayer for a preliminary injunction to prevent the respondent from transferring, mortgaging or otherwise encumbering her interest in said property.   From a decree granting such injunction the respondent has prosecuted the instant appeal to this court.

The complainants are three children of Clarence J. Wright by his first marriage, which took place some forty years ago. The respondent is the second wife of said Clarence, to whom she was married on December 25, 1942.   There were no children of the second marriage, and on April 11, 1953 Clarence died intestate at Central Falls in this state.

The complainants in substance allege in the bill that on November 3, 1948 their father under conditions therein set forth conveyed certain property to himself and respondent, his wife, as joint tenants; that such conveyance was procured through exercise by the respondent of undue influence upon the grantor; that at the time he did not have the required legal capacity to make the deed; that the deed was procured by her through fraud; that it was otherwise not in accordance with the law governing conveyances to joint tenants; that in the circumstances, because of the health of the grantor, the respondent was not dealing with him on fair

and equal terms; and that he continued thereafter to exercise the full prerogatives of ownership until his death.

No demurrer or answer was filed by respondent up to the time of the hearing on complainants' prayer for a preliminary injunction. The bill was sworn to by one of the three complainants and the failure of the others to sign and to personally appear at the hearing was explainable from the bill and testimony of Kenneth Wright. At the hearing it appeared that much of the burden of proving the allegations would rest upon the complainants who were absent.

In the course of the hearing and in response to the court's specific question, respondent disclaimed any intention of disposing of or encumbering the property. The decree appealed from enjoined only the sale, transfer or encumbering of her interest in the realty until further order, and expressly reserved to her the right to seek a modification in the event of any change of her intention to sell or encumber the property. In effect it permitted respondent to remain in exclusive possession and to collect the rents.

The respondent argues in substance that her appeal from the interlocutory decree comes properly under the statute; that no case for relief was made out in the evidence before the trial justice; that she will suffer great harm from the preliminary injunction pending a hearing on the merits; and that the appeal should be sustained.

There is no doubt about the respondent's right to take an appeal from the entry of a decree granting a preliminary injunction. General laws 1938, chapter 541, §7. It is also well established that where no answer is filed and no factual issue is made out on the pleadings, and where there is no suitable agreement by the parties as to its finality, a decree of preliminary injunction is interlocutory and does not determine the merits of any allegation in the bill of complaint. It merely attempts to keep matters approximately in *statu quo* until the merits of the cause can be heard.

*American Electrical Works* v. *Varley Duplex Magnet Co.*, 26 R. I. 440; *Studley Land Co.* v. *Myers*, 81 R. I. 426, 103 A.2d 924.

Here the trial justice noted the possibilities suggested by the strong allegations of the bill which was sworn to by one of the complainants. He apparently concluded that the other complainants, one of whom resided in Oregon, were necessarily absent and that they should have their day in court to establish the merits of their cause. In the circumstances he also felt that, without determining the merits, the evidence, the strong allegations in the sworn bill of complaint, and the absence of any reasonable hardship attributable to a limited injunction would justify at least prima facie the exercise of his discretion in keeping matters in *statu quo*. To prevent unnecessary hardship he refused to disturb respondent's possession or right to collect the rents from the property. Moreover, he made explicit the respondent's right to have the court re-examine the question of the injunction if and when a sale or encumbrance thereof became necessary or desirable before a hearing on the merits.

The only question before us is whether the trial justice exercised his discretion in an illegal manner. *Armour* v. *Hall*, 38 R. I. 300; *Studley Land Co.* v. *Myers, supra.* From our examination of the transcript and a consideration of the arguments of the respondent, we cannot say that the trial justice abused his discretion or exercised it in an illegal manner. Consequently the decree should stand.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Leroy V. Marcotte,* for complainants.

*William R. Goldberg,* for respondent.