Rowland Balmer *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Rowland Balmer, Appellant.

Argued December 6, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Rowland Balmer*, appellant, for himself.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, February 11, 1977:

This is an appeal by Rowland Balmer (Balmer) from an Order of the Unemployment Compensation Board of Review (Board), dated November 20, 1975, affirming a referee's denial of unemployment benefits.

The facts in this claim are not in dispute. Balmer was terminated by his employer, Energy Elevator Company of Philadelphia, Pennsylvania, after working seventeen and one-half years for them as an elevator mechanic. He filed an application for unemployment benefits which was approved, effective January 12, 1975.

In March of 1975, Balmer registered the fictitious name of B. & B. Elevator Company and began a business servicing elevators. After expending a considerable sum for office overhead, advertising, and insurance, Balmer abandoned the business in the early summer of 1975 after meeting with limited financial success. During this period Balmer failed to notify the unemployment office of his actions or of the limited income he had received.

The Bureau of Employment Security, the referee, and the Board determined Balmer ineligible for unemployment benefits for the period March 12, 1975, through July 26, 1975, inclusive. Ineligibility was on the basis of Section 402(h) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(h) which provides:

An employe shall be ineligible for compensation for any week—

. . . .

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to.

such period as shall be determined by rules and regulations of the department.

As the proviso in Section 402(h) is not applicable to these facts, the only question this Court must determine is whether Balmer was engaged in self-employment. In this respect, claimant has admitted actively establishing this business by providing the capital for office equipment, advertising, and insurance. Moreover, Balmer actively participated in the service performed by the business and received income for his labor. In view of these facts we hold that Balmer was self-employed during the period in question and therefore ineligible for benefits pursuant to Section 402(h) of the Act. *Unemployment Compensation Board of Review v. Finn*, 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976); *Alick Unemployment Compensation Case,* 194 Pa. Superior Ct. 28, 166 A.2d 342 (1960). We affirm.

### ORDER

AND Now, this 11th day of February, 1977, it is hereby ordered that the Order of the Unemployment Compensation Board of Review, dated November 20, 1975, denying benefits to Rowland Balmer, is affirmed.