Joseph A. FORCIER

v.

Charles W. FORCIER et al.

No. 87–454–Appeal.

Supreme Court of Rhode Island.

May 18, 1989.

Arlene M. Violet, Pearlman, Vogel & Violet, Providence, for plaintiff.

Lauren E. Jones, Jones & Aisenberg, Providence, for defendants.

OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal from an order of the Superior Court that denied a motion to vacate a judgment entered in an earlier law suit between the parties and to rescind a release executed by them in connection with that judgment. We affirm.

In order to understand the issues before us, we must recount some of the events giving rise to and resulting in the termination of the earlier action. In June 1982 Joseph A. Forcier of Woonsocket, Rhode Island (plaintiff), brought suit against his

father, Adelard Forcier, and his brother, Charles W. Forcier (defendants). Charles and Adelard, formerly residents of Woonsocket, were living in Florida at the time of the actions below. It was alleged that Charles had, through undue influence and coercion, induced Adelard to exclude plaintiff from Adelard's property and estate. In that action plaintiff also alleged that Adelard did not fully understand the results of his actions. Charles's and Adelard's answers denied all of the allegations of wrongdoing.

Discovery was pursued and defendants answered interrogatories, responded to motions for more responsive answers, and filed amended answers prior to trial. Requests for the production of wills and trust documents were complied with, as were requests for admissions. During pretrial discovery Adelard, Charles, Joseph, and Adelard's attorney, George Beaudet of Woonsocket, Rhode Island, were all deposed. Joseph's motion to have Adelard examined by a physician was granted, and the physician rendered the opinion that Adelard was not competent. Relying on that development, Charles petitioned the Florida Circuit Court, Broward County, Probate Division, to be appointed as Adelard's guardian. Over Joseph's objection Charles was appointed guardian. Joseph did not appeal. The Rhode Island Superior Court then appointed Charles to be Adelard's guardian ad litem in the pending suit.

During the trial Charles testified that the approximate value of Adelard's trust estate was $180,000 and that there was $300,000, "maybe more," in joint accounts outside the trust. Those accounts were held jointly by Charles and Adelard or by another brother, Paul, and Adelard. This information, which came out when Charles was under cross-examination, was not pursued further by Joseph.

After a day-and-a-half of trial the parties entered into a settlement agreement in which defendants paid $35,000 in exchange for Joseph's release of all claims. On May 13, 1986, a consent judgment was entered in the Superior Court action by the trial justice, to which the attorneys for the parties assented. It recited that judgment was entered for defendants, that plaintiff's complaint was dismissed with prejudice, and that a lis pendens recorded with the recorder of deeds in the city of Woonsocket was discharged.

On May 8, 1987, Joseph filed a motion to vacate the judgment pursuant to Rule 60(b)(2) and (3) of the Superior Court Rules of Civil Procedure. With the motion Joseph filed a supporting affidavit in which he stated that Charles was guilty of misrepresentation when he filed the guardianship petition in Florida setting forth that Adelard had approximately $180,000 in trust assets. Joseph stated that a later accounting showed that the assets were actually in the amount of $637,000 or more. Joseph claimed that this constituted newly discovered evidence and that due diligence on his part did not inform him of the true facts in time to file for a new trial under Rule 59(b).

It was asserted that Charles had filed an accounting of assets in the Florida Probate Court, but that the accounting had been incorrectly placed in another court file involving Adelard's guardianship and was not correctly filed until after the trial. Joseph asserted in his affidavit that "had I been aware of such numbers and assets my thinking about entering into a settlement could very well [have] been different."

Charles, in his responsive affidavit, asserted that Joseph had engaged Florida attorneys to represent his interests in the proceedings in that state and no inquiry had ever been made of Charles's and Adelard's attorneys in regard to the assets in the trust estate.

We have held that a motion for relief from a judgment or order on the grounds of newly discovered evidence should not be granted unless the evidence was not discoverable at the time of the original hearing by the exercise of ordinary diligence and unless the evidence is material enough probably to change the outcome of the original hearing. *Corrente v. Town of Coventry*, 116 R.I. 145, 147, 352 A.2d 654, 655 (1976); Super. R. Civ. P. 60(b)(2). Joseph has not established that he acted in

the exercise of ordinary diligence. Furthermore, he has not shown, and it remains highly questionable, that the settlement and consent judgment would not have occurred if the additional information had been available.

In the Superior Court hearing on the motion to vacate, Joseph raised two issues: that the accounting filed in the Florida Probate Court constituted newly discovered evidence under Rule 60(b)(2) and that the difference in the value of the estate between the petition for guardianship and the later-filed inventories and accounting constituted misrepresentation under Rule 60(b)(3). Joseph never addressed the matter of rescission of the release agreement he had entered into, apparently presuming that if judgment was vacated, the release would be rescinded. In his brief and at oral argument in this court, Joseph did not address the newly-discovered-evidence issue. He has relied solely on the elements in Rule 60(b)(3), that is, fraud, misrepresentation, or other misconduct.

At the hearings in Superior Court, however, the trial justice appropriately directed his attention to the question of Joseph's due diligence. Although Joseph insisted again and again that he had been misinformed about the size of Adelard's estate, the record reflects that he had been given correct answers to interrogatory questions as those questions were phrased. It appears that further exploration would have easily disclosed the existence of the assets during pretrial. In any event, during the trial Charles stated on cross-examination that in addition to the $180,000 estimated value of the trust estate there was $300,000, "maybe more," in joint accounts outside the trust. This testimony by Charles occurred prior to the settlement, and put Joseph on notice, prior to his agreeing to settlement and entry of judgment, that Adelard held other substantial assets.

Motions to vacate a judgment are addressed to the sound discretion of the trial justice, and that justice's ruling will not be disturbed on appeal, absent a showing of abuse of discretion. *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987). In our opinion the trial justice was fully justified in ruling that Joseph did not exercise due diligence in seeking the evidence he now contends is newly discovered.

On a motion to vacate a judgment based on fraud, there must be clear and convincing evidence of actual fraud. *Friendly Home, Inc. v. Shareholders and Creditors of Royal Homestead Land Co.*, 477 A.2d 934, 937 (R.I.1984); 11 Wright & Miller, *Federal Practice and Procedure:* Civil § 2860 at 189 (1973). The burden is on the moving party. Joseph failed to meet his burden of showing actual fraud.

On appeal Joseph also attempted to raise the issue that Charles and Adelard breached their duty under Rule 33(c) of the Superior Court Rules of Civil Procedure by failing to update answers to interrogatories, thereby knowingly concealing information. He contends that the judgment should be vacated for "misrepresentation in discovery." Since Joseph failed to raise this issue before the Superior Court, we shall not consider it. We have stated on many occasions that a party may not raise a new theory, defense, or issue on appeal. *Lawrence v. Anheuser-Busch, Inc.*, 523 A.2d 864, 866–67 n.2 (R.I.1987).

For these reasons the appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.