Malek **AHMED**

v.

Charles **GREENWOOD.**

No. 96–243–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1998.

Kevin B. McBurney.

Christopher M. Orton, Warwick.

### ORDER

The plaintiff, Malek Ahmed, appeals from a Superior Court order denying his motion to vacate a final judgment in favor of the defendant, Charles Greenwood. After several years of discovery, the defendant sought to dismiss the plaintiffs complaint based on his failure to comply with court-ordered discovery. After a hearing the Superior Court entered a thirty-day conditional-dismissal order on September 13, 1995. When the plaintiff failed to comply with this order, the defendant filed a motion for entry of final judgment of dismissal on October 12, 1995.

This motion was originally scheduled for hearing on October 25, 1995. However, the motion was continued to November 8, 1995 to allow new counsel to enter his appearance on behalf of plaintiff. On November 8, 1995, the motion was continued yet again to January 10, 1996 for plaintiff to obtain new counsel. But on January 10, 1996, neither plaintiff nor his counsel appeared before the hearing justice and defendant's motion was granted. Final judgment entered on that date.

On January 19, 1996, plaintiff filed a motion to vacate the final judgment of dismissal pursuant to Super.R.Civ.P. 60(b)(1). A hearing was held on March 14, 1996 and an order denying the motion entered on March 25, 1996.

After filing his notice of appeal, plaintiff was ordered by this court to show cause why the issues raised should not be summarily decided. After reviewing the record and the parties' submissions, a panel of this court concludes that no cause has been shown.

A motion to vacate lies within the sound discretion of the hearing justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or other error of law. *Forcier v. Forcier*, 558 A.2d 212, 214 (R.I.1989). It is clear from the November 1995 court hearing that the plaintiff was directed to appear in court on January 10, 1996. He did not do so. We conclude that the hearing justice did not abuse his discretion in ruling that neither plaintiff's nor his attorney's failure to appear on that date amounted to excusable neglect and that plaintiffs failure to comply with the conditional dismissal order was not otherwise excusable. Moreover, having failed to file and serve the discovery responses in question within the time period specified in the court's conditional dismissal order, plaintiff was not entitled to file such responses out of time without first obtaining leave of court to do so. No such leave was obtained. Accordingly, the trial justice did not err in denying the plaintiffs motion to vacate.

For these reasons, the plaintiffs appeal is dismissed and the judgment below is affirmed.

LEDERBERG and BOURCIER, JJ., did not participate.