Robert ENRIGHT

v.

Edward W. JACOD, Sr.

No. 2001–228–Appeal.

Supreme Court of Rhode Island.

Oct. 11, 2002.

Dennis D. Bossian, East Greenwich.

---

Ralph DellaRosa, Providence.

## ORDER

The plaintiff, Robert Enright, appealed a judgment in favor of the defendant, Edward Jacod, in this negligence suit. The plaintiff argued that the trial justice erred when he barred the plaintiff from asking the defendant why he had not tried to contact a potential witness for trial and when he denied the plaintiff's motion for a new trial pursuant to Rule 60 of the Superior Court Rules of Civil Procedure. This case came before the Supreme Court for oral argument on September 30, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having reviewed the memoranda and considered the arguments of counsel, we conclude that cause has not been shown, and we affirm.

In 1996, plaintiff, an on-duty Providence police officer, was injured on defendant's property while pursuing an assailant who had entered the premises after allegedly beating and robbing a man in the area. The plaintiff slipped and fell while descending a stairway on the property and subsequently sued defendant in 1998 for the injuries sustained in the fall, alleging that defendant had been negligent in failing to inspect and repair the stairway's defective railing. In 2001, the jury returned a verdict for defendant. Five days later, plaintiff located and interviewed Mabel Torres (Torres), the property manager during the time of the incident whom plaintiff had tried unsuccessfully to present at trial. The plaintiff filed a motion for a new trial pursuant to both Rule 59 and Rule 60 of the Superior Court Rules of Civil Procedure. The trial justice denied the motion, and plaintiff appealed.

First, plaintiff argued that the trial justice erred by precluding plaintiff from asking defendant why he had not contacted Torres during the period between defendant's deposition and the trial. "We have repeatedly held that determinations of relevance and prejudice are within the sound discretion of the trial justice, and such determinations will be upheld absent a showing of an abuse of this discretion." *DiPetrillo v. Dow Chemical Co.*, 729 A.2d 677, 692 (R.I.1999). In the case at bar, the trial justice's sustaining of defendant's objection on the "why" question did not amount to an abuse of discretion. The justice could well have found the question irrelevant or prejudicial. Given that plaintiff did not explain at trial why the question should have been allowed, we affirm the justice's ruling.

The remaining arguments on appeal stem from the trial justice's denial of plaintiff's Rule 60 motion, in which plaintiff argued that a new trial was merited because he had discovered Torres's correct address. The plaintiff argued that his previous failure to locate Torres amounted to "excusable neglect," a grounds for relief from judgment under 60(b)(1), or, alternatively, that Torres's whereabouts amounted to newly discovered evidence, a grounds for relief from judgment under 60(b)(2) Super.R.Civ.P. The justice, after discussing the history of the case and plaintiff's numerous opportunities to find Torres, concluded:

> "The time for producing Mabel Torres long has passed. This is not newly discovered evidence. Her existence was known by the parties from the *ab initia* [sic] in this case, and it is unfortunate, despite the best efforts of counsel in the course of his investigation he was not able to find her in time. These things happen. They are not necessarily— should not be considered reasons under Rule 60 to give relief from a judgment or order."

Like the determinations of relevance and prejudice, motions to set aside judgments "are addressed to the sound discretion of the trial justice, and that justice's ruling will not be disturbed on appeal, absent a showing of abuse of discretion." *Crystal Restaurant Management Corp. v. Calcagni*, 732 A.2d 706, 710 (R.I.1999) (quoting *Forcier v. Forcier*, 558 A.2d 212, 214 (R.I.1989)). It is our conclusion that the trial justice correctly applied Rule 60 in this case. The plaintiff argued that because there was a chance defendant would win a motion to dismiss the case by application of the police officer's rule, thus rendering Torres's testimony useless, plaintiff's failure to produce Torres amounted to "excusable neglect" under Rule 60(b)(1). This argument has no merit. Since the time plaintiff filed suit, plaintiff and his counsel had almost four years to find Torres, including four months between the time when defendant agreed not to seek a dismissal based on the police officer's rule and the time of trial. Therefore, we agree with the trial justice that plaintiff's neglect was not excusable.

Finally, we agree with the trial justice that Torres's correct address was not "newly discovered evidence" under Rule 60(b)(2). Newly discovered evidence is defined as "evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(2)." Super.R.Civ.P. 60(b)(2). Assuming, without concluding, that Rule 60(b)(2) was applicable here, it is clear Torres could have been found with the exercise of due diligence. Indeed, the plaintiff argued that the private investigator he originally hired would have found Torres had the investigator exercised due diligence, Rule 60(b)(2) was not designed to set aside judgment based on the plaintiff's and his counsel's infrequent monitoring of the private investigator's work.

Accordingly, we affirm the judgment of the Superior Court, to which we return the papers in this case.