J-S73038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES F. WARD, | : | |
| | : | |
| Appellant | : | No. 1376 MDA 2014 |

Appeal from the Order entered on August 7, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0000568-2011;
CP-36-CR-0004619-2010

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 30, 2014**

James F. Ward ("Ward") appeals from the denial of his amended Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts as follows:

On November 23, 2010, [] Ward[] was charged on docket number 4619-2010 with one count of involuntary deviate sexual intercourse with a person less than 16 years of age,[1] one count of indecent assault of a person less than 13 years of age,[2] two counts of indecent assault of a person less than 16 years of age[3] and three counts of corruption of minors.[4]

---

[1] 18 Pa.C.S.[A.] § 3123(a)(7).

[2] 18 Pa.C.S.[A.] § 3126(a)(7).

[3] 18 Pa.C.S.[A.] § 3126(a)(8).

[4] 18 Pa.C.S.[A.] § 6301(a)(1).

On March 30, 2011, [Ward] was charged on docket number 568-2011 with 40 counts of photographing or filming sexual acts involving children under 17 years of age[5] and 100 counts of possession of child pornography.[6]

On May 17, 2012, [Ward] entered an **Alford** plea[7] to the charges on docket number 4619-2010 pursuant to a negotiated plea agreement and a straight or open guilty plea to the charges on docket number 568-2011. On September 24, 2012, after a presentence investigation, [Ward] was sentenced to an aggregate term of not less than 10 nor more than 20 years['] incarceration. [W]ard did not file a post[-]sentence motion or direct appeal to the Superior Court.

_____

[5] 18 Pa.C.S.[A.] § 6312(b).

[6] 18 Pa.C.S.[A.] § 6312(d).

[7] **North Carolina v. Alford**, 400 U.S. 25, 91 S. Ct. 160 (1970). This type of plea is a judicial admission of guilt, but allows the defendant to maintain his innocence.

_____

On August 19, 2013, [Ward] filed a *pro se* [Petition] for post conviction collateral relief. Counsel was appointed, and on December 20, 2013, court-appointed counsel submitted a letter to the [c]ourt pursuant to **Commonwealth v. Finley**, 379 Pa. Super. 390, 558 A.2d 213 (1988), expressing his opinion that [Ward] raised no issues of arguable merit and stated the basis for this conclusion. Court-appointed counsel also sought leave to withdraw.

[Ward] obtained new counsel and on February 18, 2014, [Ward's] current attorney filed an amended [Petition] on his behalf.

A hearing on the amended [Petition] was held on April 16, 2014.

PCRA Court Opinion, 8/7/14, at 1-2 (footnotes in original).

The PCRA court denied Ward's amended Petition on August 7, 2014. Ward filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Ward raises the following issue for our review: "[d]id the PCRA court err by failing to find that plea counsel[, Stephen W. Grosh, Esquire ("Attorney Grosh"),] provided ineffective assistance by providing inaccurate[,] misleading advice[,] resulting in [Ward] entering an unknowing, unintelligent and/or involuntary guilty plea and *Alford* plea?" Brief for Appellant at 4 (capitalization omitted).

Ward contends that, prior to the disposition of docket number 4619-2010, which involved allegations of sexual acts committed against three minor boys, Attorney Grosh told him that he would not receive a fair trial because of the nature of the allegations. *Id*. at 9. Ward claims that Attorney Grosh stated that the allegations against Ward were similar to those made against former Penn State football coach, Jerry Sandusky ("Sandusky"), and because the public was angered by Sandusky's actions, jurors would view Ward negatively. *Id*.

Ward contends that Attorney Grosh failed to explain the jury process to him, the manner in which potential jurors could be eliminated from the jury pool, or that he could seek severance of certain counts. *Id*. Rather, Ward asserts, Attorney Grosh emphasized the difficulty of defending against multiple allegations and told him that, because of the similarity of his case to

the allegations against Sandusky, Ward would not "stand much of a chance standing there before those three boys." *Id*.

Ward claims that the advice given by Attorney Grosh was misleading and inaccurate, and had the effect of inducing him into entering his pleas. *Id*. Ward contends that, had Attorney Grosh not given him this misleading and inaccurate advice, he would have exercised his right to a trial. *Id*. at 10. Ward asserts that the PCRA court erred by failing to find Attorney Grosh ineffective. *Id*.

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

Tin its Opinion, the PCRA court set forth the relevant law, addressed Ward's ineffectiveness claim, and determined that it lacks merit. *See* PCRA Court Opinion, 8/7/14, at 2-13. Based on our review of the record, we conclude that the PCRA court's determination is supported by the record and free of legal error. *See id*. Accordingly, we affirm the PCRA court's Order denying Ward's amended Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014