**Supreme Court**

No. 2013-101-Appeal.
(WC-09-637)

Renewable Resources, Inc.          :

v.          :

Town of Westerly.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Renewable Resources, Inc.      :

v.      :

Town of Westerly.      :

Present: Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.** The plaintiff, Renewable Resources, Inc. (Renewable Resources or plaintiff), appeals from a Superior Court order vacating a preliminary injunction halting demolition of the Potter Hill Mill (the mill), as well as a subsequent judgment dismissing the remaining counts of the plaintiff's amended complaint against the defendant the Town of Westerly (the town or defendant). On appeal, the plaintiff argues that the hearing justice abused his discretion in failing to find a change of conditions warranting the mill's demolition. After a thorough review of the record and consideration of the parties' written submissions and oral arguments, we affirm the order and judgment of the Superior Court.

**I**

**Facts and Travel**

In the 1950s, the Potter Hill Mill, a vestige of this country's Industrial Revolution located on the Pawcatuck River in Westerly, ceased its operations. In 1980, with the condition of the mill's buildings worsening, the town sought to have it demolished, and a demolition order was eventually issued. The demolition order was upheld by the Rhode Island Building Code Standards Committee; and, in 1984, a Rhode Island District Court judge affirmed the order to

demolish the mill for safety reasons. Demolition, however, did not take place. In 1992, plaintiff purchased the mill for $50,000 "as is." In 2006, plaintiff and the town entered into a memorandum of agreement (MOA), in which plaintiff recognized the validity of the condemnation order and pledged to meet a series of conditions in order to stave off demolition. The MOA required that plaintiff fence off the property, clean up debris, and expeditiously pursue its development plan. Further, the MOA explicitly granted the town the power to determine whether plaintiff was in breach of the MOA's conditions.

On August 21, 2009, aware of the mill's continuing deterioration and plaintiff's failure to expeditiously pursue its development plan, the town placed a newspaper advertisement requesting proposals for the demolition of the mill. On September 11, 2009, plaintiff responded by filing the instant action in the Washington County Superior Court seeking a temporary restraining order, a preliminary injunction, and a permanent injunction against the town barring demolition of the mill's buildings.[1] In its answer, the town alleged that plaintiff's failure to comply with the MOA's requirement of due diligence was sufficient to grant "the Town the right to condemn and * * * demolish the building." The town also filed an objection to the requested temporary restraining order, as well as a motion for the court to conduct a view of the mill. A Superior Court justice subsequently granted plaintiff's motion for a temporary restraining order, and the parties continued the preliminary injunction hearing for more than one year while the temporary restraining order remained in effect.

On April 26, 2011, a second Superior Court justice dismissed count 3 of the amended complaint, which requested "a mandatory injunction ordering [the town] to forthwith conform the zoning classification of Plaintiff's property * * * to its comprehensive plan[.]" The hearing

---

[1] On March 29, 2010, plaintiff filed an amended complaint, in which it added a request for monetary damages.

justice then entered an order effectuating an agreement between plaintiff and the town. The order provided plaintiff with a timetable for both submission of development plans and actual repair work for the mill, and it also provided that a preliminary injunction against demolition of the mill would remain in effect until further notice.[2]

On June 25, 2012, after two hearings on the matter before a third Superior Court justice, an order was entered allowing quarterly inspections by the town's building official, the issuance of permits for demolition and reconstruction of the mill, and a viewing of the mill property by the court. The order further scheduled a review of the case for November 16, 2012. On October 16, 2012, the hearing justice viewed the property along with the parties. A short time later, at the end of October 2012, Hurricane Sandy[3] struck New England, wreaking havoc on what was left of the mill. Subsequently, on November 16, 2012, the town filed an emergency motion for relief from the preliminary injunction pursuant to Rule 60(b)(5) of the Superior Court Rules of Civil Procedure,[4] in which it described the advanced rate of deterioration and collapse of the buildings

---

[2] On June 17, 2011, the town filed a motion to hold plaintiff in contempt for failing to submit a reconstruction plan and failing to repair a gravel road. While plaintiff was not held in contempt, it was ordered to commence reconstruction and repair of the mill under the direction of a court-appointed architect and submit a development plan to the Westerly Planning Board by October 15, 2011. When plaintiff timely filed its development plan but failed to follow through with requests for additional information, the town again moved to hold plaintiff in contempt. This motion was not granted.

[3] Hurricane Sandy made landfall on October 29, 2012, bringing extensive damage to the Atlantic Coast. Congress responded to the natural disaster by appropriating $9.7 billion to replenish the National Flood Insurance Program and another $51 billion to aid victims of the storm. See Kolbe v. BAC Home Loans Servicing, LP, 738 F.3d 432, 455 (1st Cir. 2013).

[4] Rule 60(b)(5) of the Superior Court Rules of Civil Procedure provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

since the summer and requested that it be allowed to demolish the buildings so that it might prevent immediate harm to children.

At a December 11, 2012 hearing, David Murphy, the town's building official, testified that the buildings were beyond repair and unsafe; he added that they posed a threat to persons on the property and in the adjacent waterway. Acknowledging the problems posed by trespassers and children on the property, Mr. Murphy concluded that the buildings should be demolished.[5] At that same hearing, the town planner, Marilyn Shellman, testified that she had viewed the mill twice in the past year, and that in her second visit "[t]he integrity of the buildings seem[ed] to be worse than [on her] first viewing." Specifically, she noted that parts of the roof as well as the sidewalls had collapsed since her first viewing. The court also heard testimony from Bonnie Bennett and Allison Goodsell, longtime neighbors of the mill. Ms. Bennett testified to taking pictures of two young boys on top of the mill and, using pictures she had taken in the wake of Hurricane Sandy, she testified that the storm brought about "a lot of further deterioration" to the mill. Ms. Goodsell testified that she had seen many trespassers over the years, as well as that "kids just go in there."

On December 18, 2012,[6] an order was entered by the hearing justice "grant[ing] [the town] relief from the current restraining order as it relates to enforcement procedures and * * * permit[ing] [the town] to issue a demolition order to the owner of the subject property through its

---

[5] On December 20, 2012, Mr. Murphy issued a notice of unsafe condition and order to demolish, citing eight of the unsafe conditions listed in G.L. 1956 § 23-27.3-124.1. On January 16, 2013, plaintiff unsuccessfully appealed the demolition order to the town's Building Code Board of Appeals. The plaintiff then appealed to the Rhode Island Building Code Standards Committee pursuant to § 23-27.3-127.2.5(f). When its appeal was again denied, plaintiff filed an administrative appeal in the Sixth Division District Court, where that case currently awaits a decision.

[6] This order was date-stamped as having been issued on December 17, 2012, but the docket sheet lists it as having been issued on December 18, 2012.

Building Official[.]" On January 22, 2013, he issued a written decision finding that plaintiff had breached the MOA and, accordingly, entered an order on February 6, 2013, vacating the preliminary injunction.[7]

On February 18, 2013, plaintiff filed a notice of appeal, and, on February 19, 2013, plaintiff filed a motion for the Superior Court to stay the order pending the outcome of its appeal to this Court. On March 28, 2013, the town filed an objection to the motion for stay, as well as a motion to dismiss the appeal. On April 29, 2013, the hearing justice denied plaintiff's motion for stay, but required the town to give notice at least ten days prior to commencing demolition of the mill. On that same day, plaintiff voluntarily dismissed count 4 of its amended complaint with prejudice, and the hearing justice entered a judgment denying and dismissing counts 1 and 2 of plaintiff's amended complaint. On April 30, 2013, plaintiff amended its notice of appeal to include the newly entered judgment.

## II

### Standard of Review

We note at the outset that the town's emergency motion for relief from the preliminary injunction was mistakenly brought pursuant to Rule 60(b)(5). Rule 60(b)(5) "is applicable only in instances where relief is sought from a final judgment, order, or proceeding." Murphy v. Bocchio, 114 R.I. 679, 682, 338 A.2d 519, 522 (1975). Because a preliminary injunction is merely an interlocutory order, as opposed to a final judgment, Rule 60(b)(5) was erroneously invoked. See Menard v. Woonsocket Teachers' Guild-AFT 951, 117 R.I. 121, 128, 363 A.2d 1349, 1353 (1976) ("It is axiomatic that [a] * * * preliminary injunction is not intended as a final determination of the merits of a controversy, but that it is intended only to continue,

---

[7] In his written decision, the hearing justice also noted that plaintiff did not present any witnesses at the December 11, 2012 hearing.

approximately, the status quo until the merits of the cause can be formally adjudicated." citing Studley Land Co. v. Myers, 81 R.I. 426, 430-31, 103 A.2d 924, 926 (1954)).

As we previously recognized, however, "a trial justice still retains the inherent power to modify any interlocutory judgment or order prior to final judgment." Murphy, 114 R.I. at 682, 338 A.2d at 522 (citing 11 Wright & Miller, Federal Practice & Procedure § 2852 at 145 (1973)). It is clear, then, that the hearing justice was justified in entertaining the town's motion for relief despite the fact that it was brought pursuant to Rule 60(b)(5). See Greene v. Union Mutual Life Insurance Company of America, 764 F.2d 19, 22 (1st Cir. 1985) (acknowledging "the inherent power of [the trial court] to afford such relief from interlocutory judgments * * * as justice requires," quoting Dow Chemical, USA v. Consumer Product Safety Commission, 464 F. Supp. 904, 906 (W.D. La. 1979)). See also Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure (1946 Amendment) ("[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief * * * as justice requires.").

"It is well settled that '[a] motion to vacate a judgment is left to the sound discretion of the trial justice * * *'"; Berman v. Sitrin, 101 A.3d 1251, 1260 (R.I. 2014) (quoting Malinou v. Seattle Savings Bank, 970 A.2d 6, 10 (R.I. 2009)); as is the grant or denial of a preliminary injunction. Town of Coventry v. Baird Properties, LLC, 13 A.3d 614, 620 (R.I. 2011) ("[T]he decision to grant or deny a preliminary injunction 'rests within the sound discretion of the hearing justice * * *.'" quoting Iggy's Doughboys, Inc. v. Giroux, 729 A.2d 701, 705 (R.I. 1999)). Such a ruling "will not be disturbed on appeal absent a showing of abuse of discretion or error of law." Iddings v. McBurney, 657 A.2d 550, 553 (R.I. 1995) (citing Forcier v. Forcier,

558 A.2d 212, 214 (R.I. 1989)).  Moreover, "[t]he burden of proof is on the moving party."  Id. (citing Forcier, 558 A.2d at 214).

**III**

**Discussion**

On appeal, plaintiff contends that the hearing justice abused his discretion in failing to find a "substantial" change in circumstances warranting the vacating of the preliminary injunction.  In support of its argument, plaintiff points to the absence of any findings by the hearing justice of significant deterioration between April 26, 2011, the date of the granting of the preliminary injunction, and November 16, 2012, the date of the filing of the motion for relief.  In response, the town argues that plaintiff's failure to fulfill the terms of the MOA as well as the accelerated deterioration of the mill's buildings following Hurricane Sandy were sufficient evidence of a change in circumstances.

In a review of a trial court decision on a motion to modify a preliminary injunction, we have previously required the petitioner to show "[a] sufficient change in circumstances" in order to prevail.  Harris v. Town of Lincoln, 668 A.2d 321, 328 (R.I. 1995) (citing Coalition of Black Leadership v. Cianci, 570 F.2d 12, 14 (1st Cir. 1978) (emphasis added)).

As the hearing justice recounted in his written decision, the town presented a series of witnesses at the December 11, 2012 hearing, all of whom testified to the escalation of the dangerous condition of the mill's buildings.  Mr. Murphy, the building official, testified that his recent visits indicated that the buildings were unsafe and on the verge of collapsing.  He also testified that plaintiff had only once sought a demolition permit, and that the application was incomplete, which led him to believe that plaintiff was in violation of the MOA's diligence requirement.  Ms. Shellman, the town planner, further testified to the worsening of the buildings'

- 7 -

condition, as well as plaintiff's inaction with respect to the MOA, noting that plaintiff had failed to submit the master plan. Ms. Bennett, the neighbor, testified that recent events brought "advanced deterioration," which included the collapsing of walls and ceilings. She also showed photographs of trespassers, some of whom appeared to be minors, on the property. Finally, Ms. Goodsell, another neighbor, corroborated Ms. Bennett's testimony regarding the presence of children on the property.

In rejecting plaintiff's contention that it should not be deemed in breach of the MOA, the hearing justice declared that plaintiff's failure to do enough work on the property to move beyond a simple vision constituted a breach. As evidence of an abuse of discretion, plaintiff points to the lack of any mention of a specific change in circumstances warranting vacating of the preliminary injunction. Although the hearing justice did not specifically explain what constituted a change in circumstance, we are in agreement that he acted within his discretion in vacating the preliminary injunction.

In compliance with Rule 52(a) of the Superior Court Rules of Civil Procedure,[8] the hearing justice detailed the witness testimony he found credible, notably concerning the advanced deterioration of the mill's buildings and plaintiff's failure to fulfill its requirements under the MOA. The hearing justice also considered plaintiff's argument that the town should have been estopped from finding that plaintiff was in breach of the MOA because the town did not amend the applicable zoning ordinance until 2011. He rejected that argument, however, noting that an amendment of the ordinance was not a condition of the agreement.

---

[8] Rule 52(a) of the Superior Court Rules of Civil Procedure provides, in relevant part: "[I]n granting or refusing interlocutory injunctions the court shall * * * set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * * It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court * * *."

The hearing justice stressed that plaintiff's noncompliance with the MOA was the impetus for vacating the preliminary injunction. To that end, we are not persuaded by plaintiff's contention that the hearing justice's referral to the terms of the MOA was improper. This argument overlooks the fact that plaintiff's request for injunctive relief was based on both parties' living up to the terms of the MOA. Further, the record reveals that plaintiff waived this issue when it failed to object to the town's invoking the terms of the MOA as a basis for vacating the preliminary injunction. See Town of Smithfield v. Fanning, 602 A.2d 939, 942 (R.I. 1992) ("No principle of appellate review is better settled in this state than the doctrine that this court will not consider an issue raised on appeal that has not been raised in reasonably clear and distinct form before the trial justice.").

We note that the hearing justice's finding of plaintiff's breach was sufficient to constitute the requisite change in circumstances. Essentially serving as an enforcement mechanism for the MOA, the preliminary injunction was entered into with certain requirements, notably the reconstruction and repair of the mill's buildings. The town exposed itself to risk by agreeing to those terms, and plaintiff's inaction in the ensuing months resulted in further deterioration. Between the granting of the preliminary injunction and the filing of the emergency motion for relief, the town twice sought to hold plaintiff in contempt, but plaintiff was shown leniency on both occasions. The plaintiff's continued noncompliance, then, was the proverbial straw that broke the camel's back. See Calhoun v. United States Department of Labor, 576 F.3d 201, 214 (4th Cir. 2009) ("In the face of [the petitioner's] repeated refusals to change his behavior, [his] conduct * * * was simply the proverbial straw that broke the camel's back."). Given that plaintiff's noncompliance resulted in an advanced state of deterioration, we conclude that this

- 9 -

breach was sufficient to constitute a change in circumstances.[9] Accordingly, we are satisfied that the hearing justice did not abuse his discretion in granting the town's emergency motion for relief.[10]

Finally, to the extent that the plaintiff appeals the judgment dismissing counts 1 and 2 of its amended complaint seeking a "preliminary and permanent injunction restraining and enjoining [the town] from * * * demolishing [the mill]," we glean no applicable argument relating to them in its brief, and we therefore deem those issues to have been waived. See McGarry v. Pielech, No. 2013-146-A., slip op. at 8 (R.I., filed Jan. 14, 2015) ("Even when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand." citing Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 728 (R.I. 2003)).

## IV

### Conclusion

For the foregoing reasons, the order and judgment of the Superior Court are affirmed, and the record in this case may be remanded to that tribunal.

Justice Goldberg did not participate.

---

[9] Although plaintiff's proffered "substantial" change in circumstances standard was not proper, we note in any case that the hearing justice heard and recited enough testimony to satisfy even that standard.

[10] Having concluded that the hearing justice had sufficient evidence from the testimony presented to grant the relief requested, we do not deem it necessary to address whether children were attracted to the property.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Renewable Resources, Inc. v. Town of Westerly.

**CASE NO:**     No. 2013-101-Appeal.
(WC-09-637)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  March 4, 2015

**JUSTICES:**     Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Kelly M. Fracassa, Esq.

For Defendant:  Lauren E. Jones, Esq.