Linda D. TUCKER et al.

v.

Edmund KITTREDGE et al.

No. 2000–473–Appeal.

Supreme Court of Rhode Island.

April 19, 2002.

Donald M. Gregory, II, North Kingstown, for Plaintiff.

Samuel D. Zurier, Providence, for Defendant.

Present: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS and GOLDBERG, JJ.

### OPINION

PER CURIAM.

In this simmering neighborhood dispute concerning an alleged public right of way, we conclude that a Superior Court justice erred in granting what appears to be preliminary injunctive relief against an absent party defendant who had been given no notice that injunctive or other relief was being sought against him by the plaintiffs.

The controversy giving rise to this litigation originates in South Kingstown, Rhode Island, and involves a partially improved, unnamed roadway that runs through the various properties belonging to the parties. The plaintiff-appellees, Linda D. Tucker

and Eve Keenan, own property in their capacities as trustees for the benefit of H. Winfield Tucker and Phyllis Tucker (collectively, the Tuckers). The Tuckers ordinarily have access to their property (the Tucker property) from Tuckertown Road by using the unnamed roadway. The roadway traverses the Tucker property, passes through several other properties and then divides into two roadways; one allegedly exits onto Ministerial Road[1] and the other, onto Boston Post Road.

In making its way towards Ministerial Road, the unnamed roadway passes over property owned by the defendants in this matter, Sophie P. Lewis (Lewis), Patrick E. Jordan (Jordan), and Edmund Kittredge (Kittredge) (collectively, the defendants).[2] The lots owned by Lewis (the Lewis lot) and Jordan (the Jordan lot) are landlocked, and the lot owned by Kittredge (the Kittredge lot) fronts on Ministerial Road. Until the 1960's, the entire unnamed roadway was unimproved; however, in the early 1960's, the Tuckers paved that portion of the roadway that traversed their property. According to the Tuckers, it was only after the roadway had been paved that defendants Lewis and Jordan began to use the Tuckertown Road entrance to get access to their landlocked properties.

The relationship between the parties appears to have been harmonious until 1993, when the defendants blocked the unnamed roadway by placing large boulders across it on the Lewis lot. The purported reason for the rock barricade was to prevent local youths from driving all-terrain vehicles across the defendants' properties. On November 19, 1997, the Tuckers initiated the instant lawsuit in Superior Court, seeking to enjoin the defendants from blocking their access to the part of the unnamed roadway that is located beyond their property.

In their third amended complaint, filed March 19, 2000, the Tuckers asserted that the unnamed roadway was a public way or, in the alternative, that they had obtained a prescriptive easement to use the roadway. The Tuckers sought in their action to require the removal of any obstructions from the unnamed roadway and to permanently enjoin the defendants from interfering with their future use and enjoyment of the same. On April 28, 2000, the defendants, Lewis, Jordan and Kittredge answered the complaint.[3]

The Tuckers then decided to place their own barricade of boulders across the unnamed roadway on May 15, 2000. The barricade, as placed, denied all vehicular access from Tuckertown Road to any landlocked property beyond the Tucker property. Then, in direct contradiction to their public right-of-way claim, the Tuckers informed the defendants' counsel that "any right or license [of his clients] to use that access unless specifically guaranteed by a deed of record is hereby terminated and revoked."

In response, on August 8, 2000, two of the defendants, Lewis and Jordan, filed motions for leave-to-file an emergency counterclaim and for a preliminary injunction to enjoin the Tuckers from interfering with their Tuckertown Road access to their landlocked properties. The latter motion was accompanied by a memorandum of law, and both motions requested a

---

1. The parties are in dispute about whether the roadway continues as far as Ministerial Road.

2. The unnamed roadway also passes over other properties whose owners are not parties to this appeal.

3. All three defendants are represented by the same counsel.

hearing to be held on August 18, 2000. Because the Kittredge property was not adversely affected, Kittredge neither joined in the Lewis–Jordan motion for the preliminary injunction nor appeared at the hearing on the Lewis–Jordan motions. The Tuckers filed objections to both motions, but without any accompanying memoranda.

The Lewis and Jordan requests for a hearing on August 18, 2000, were granted and, on that day, the hearing was conducted as scheduled. At the hearing, the motion justice granted the Lewis–Jordan motion for leave-to-file their emergency counterclaims without objection. After reviewing the Lewis–Jordan memorandum and hearing the arguments of counsel, the motion justice then granted the Lewis–Jordan motion for a preliminary injunction and ordered the Tuckers to remove the barricade that they had erected upon their property. Counsel for the Tuckers immediately retaliated by asking for what appears to be similar preliminary injunctive relief for themselves:

> "MR. GREGORY: How about the boulders on the Lewis property?
>
> "THE COURT: No one is complaining about that.
>
> "MR. GREGORY: Excuse me, Mr. Tucker has filed a lawsuit as a result of that. That's what the lawsuit is about. So, it seems to me—
>
> "THE COURT: Take them off the Lewis property, too. Go back to the status quo.
>
> "MR. GREGORY: Take all the boulders out?
>
> "THE COURT: All the boulders out.

> "MR. EMANUEL: Your Honor, my understanding the ones on the Lewis property are coming out, despite the fact in five years—excuse me—in three years there's never been a request to have that done and no showing of harm? [4]
>
> "THE COURT: I'm making the request now.
>
> "MR. GREGORY: Your Honor, in connection with that, it is my understanding from my client Mr. Kittredge also built a fence in the vicinity of the boulders. I would make a request all impediments—
>
> "THE COURT: I would assume whatever right of way exists will be removed." [5]

One month later, on September 18, 2000, an order was entered reflecting the motion justice's decision. Only Kittredge appealed.

After a prebriefing conference, the parties were directed to appear and show cause why the issues raised in this appeal should not summarily be decided. They did appear. We have considered their legal arguments and memoranda and conclude that cause has not been shown. Therefore, we proceed to summarily decide the appeal.

Kittredge appeals only that portion of the order requiring him to remove any obstructions that are on his property and enjoining him from constructing any such new obstructions without leave of the Superior Court. He contends that the order, as it applies to him, was improperly granted and should be vacated. As grounds for his appeal, Kittredge asserts that the mandatory injunctive relief order entered against him in essence was a mandatory

---

4. Although attorney Emanuel was counsel for all three defendants, he was representing only the defendants Lewis and Jordan at the hearing on their request for a preliminary injunction against the Tuckers.

5. The trial justice's "from the hip" statements appear to fall far short of meeting the *prima facie* standard enunciated in *Iggy's Doughboys, Inc. v. Giroux*, 729 A.2d 701, 705 (R.I. 1999) (per curiam).

preliminary injunction, and that Rule 65 of the Superior Court Rules of Civil Procedure, pertaining to the issuance of a preliminary injunction, requires that he be given notice of, and opportunity to be heard on, any motion seeking the issuance of a preliminary injunction against him. He maintains that in this case, the motion justice erred because he had not been given any notice of either the Lewis–Jordan motion for a preliminary injunction or the oral motion for injunctive relief made by the Tuckers. In addition, he avers that, even if the Tucker motion for injunctive relief was properly before the court, that motion should have been denied because the Tuckers failed to present sufficient evidence warranting the issuance of a preliminary injunction. *See Fund for Community Progress v. United Way of Southeastern New England*, 695 A.2d 517, 521 (R.I.1997). Because we conclude that Kittredge was given no notice of the proceedings, we need address only his Rule 65(a)(1) contention to dispose of this appeal.

■ Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." Although the rule does not designate how much notice must be given to an adverse party before a preliminary injunction is entered, "[b]ecause a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction." *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir.2000). The Tuckers' oral motion for injunctive relief was not specifically designated to be one for a preliminary injunction; accordingly, we will look to other rules for guidance on the

required amount of notice for such a motion.[6]

Pursuant to Rule 7(b)(1) of the Superior Court Rules of Civil Procedure, "[a]n application to the court for an order shall be by motion * * *, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 6(c) of the Superior Court Rules of Civil Procedure provides that:

> "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 10 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court."

Before 1995, only five days notice was required for service of a motion before its hearing date; however, "[e]xperience has taught that 5 days * * * was insufficient time in which to prepare for a hearing on a motion * * *." Super. R. Civ. P. 6 Advisory Committee Notes.

■ In the present case, Kittredge received absolutely no notice of the Tuckers' oral motion for injunctive relief, despite the fact that he was one of the named defendants in the plaintiffs' complaint and an adverse party in the case. Our rules provide that Kittredge was entitled to at least ten days written notice of the Tuckers' request for injunctive relief so he would have had sufficient time to prepare and present any objection that he may have had to the plaintiffs' motion. Considering that he did not receive any advance notice of the hearing on the Tuckers' request for injunctive relief, the trial justice clearly erred when he entertained and granted the plaintiffs' impromptu oral motion.

---

**6.** Indeed, considering that Rule 65 of the Superior Court Rules of Civil Procedure does not specify the amount of notice required, even if the motion had been one for a preliminary injunction likewise, we would have had to look to the other rules for guidance.

For the foregoing reasons, Kittredge's appeal is sustained. That portion of the Superior Court's order requiring Kittredge to remove obstructions from the part of the disputed roadway that traverses his property, and enjoining him from erecting new obstructions thereon, is vacated. The papers in this case are remanded to the Superior Court.