March 24, 2025

**Supreme Court**

No. 2023-310-Appeal.
(WC 17-376)

Judith Clinton                    :

        v.                        :

Chad Babcock et al.               :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Judith Clinton          :

v.                      :

Chad Babcock et al.     :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, Judith Clinton, appeals from a Superior Court order granting the defendants' motion to enforce a dismissal stipulation and a motion to vacate a scheduling order.  The plaintiff also seeks to appeal from three interlocutory orders: (1) an order denying her motion to amend her complaint for the third time; and (2) two orders denying her motions to reconsider the denials of her third and fourth motions to amend the complaint.

The Superior Court's order granting defendants' motions and deeming all other pending motions in the case moot was entered on September 1, 2023.[1]  The

---

[1]      The plaintiff was represented by counsel in the Superior Court from on or about August 7, 2017 until March 18, 2019.  Thereafter, she was unsuccessful in her attempts to engage new counsel.  She then continued the litigation on a *pro se* basis

- 1 -

plaintiff timely appealed, arguing that the trial justice erred in granting defendants' motion to enforce the dismissal stipulation and the motion to vacate the scheduling order.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth herein, we affirm the September 1, 2023 order of the Superior Court.

**I**

**Facts and Travel**

On August 7, 2017, plaintiff commenced this action by filing a complaint in the Superior Court for Washington County against defendants Chad Babcock, Lisa Nelson, Regina Foster Bartlett, and Caryn Sullivan. That complaint alleged that, while plaintiff was the president of the "Wonderful Westerly Toastmasters Club," the just-named defendants made "false and malicious statements" about her and also engaged in other conduct that caused her to sustain damage to her reputation, severe

in the Superior Court, although she did receive some minimal assistance from a limited scope attorney with respect to one count in her second amended complaint. The plaintiff is self-represented in this Court.

- 2 -

emotional distress, and monetary damages. On September 13, 2017, defendants joined Toastmasters International as a third-party defendant. On September 19, 2017, plaintiff amended her complaint as a matter of right;[2] she added as defendants one Maria DiMaggio and also Toastmasters International, including a breach of contract claim against the latter entity.[3] Subsequently, in October 2019, the Superior Court granted plaintiff's motion to file a second amended complaint. The allegations in plaintiff's second amended complaint, which was filed on October 22, 2019, incorporated the allegations from the first two complaints and added allegations of defamation and emotional and physical distress against Toastmasters International. On December 30, 2020, plaintiff moved to amend her complaint for a third time; and on March 9, 2021, she moved to amend her complaint for a fourth time. Both the third and fourth motions to file amended complaints were denied by the trial justice.

Thereafter, plaintiff, the individual defendants, and Toastmasters International all signed a "Stipulated Agreement of Dismissal of All Claims," which

---

[2] The plaintiff's first amended complaint, which was filed by plaintiff's then-counsel, contains 114 paragraphs. We are not aware of any justification for such prolix pleading in a case of this nature. *See Fiorenzano v. Lima*, 982 A.2d 585, 589 (R.I. 2009) (noting "the inappropriately prolix nature of the complaint" in that case).

[3] We shall hereinafter refer to Chad Babcock, Lisa Nelson, Regina Foster Bartlett, Caryn Sullivan, and Maria DiMaggio as "the individual defendants" in order to differentiate them from defendant Toastmasters International.

provided for "the dismissal of all claims, counterclaims, and crossclaims * * * with prejudice." That Stipulated Agreement of Dismissal was filed on December 13, 2022.

Two weeks later, on December 27, 2022, the individual defendants and Toastmasters International filed a "Stipulation of Dismissal," dismissing with prejudice "all remaining claims" between the individual defendants and Toastmasters International. (The plaintiff was not a party to this December 27, 2022 Stipulation of Dismissal.)

On February 8, 2023, plaintiff filed a document entitled "Reply and Statement for the Record Pertaining to the Re-opening of the File," in which she alleged that the individual defendants and Toastmasters International engaged in fraudulent conduct because they had filed the December 27 Stipulation of Dismissal without notifying her.

In one of their written submissions to this Court, the individual defendants have explained that the December 27 Stipulation of Dismissal was "merely a formality" which was intended to assure Toastmasters International that no cross-claims or third-party claims remained viable. It is important to note that, as of the date of the filing of the December 27 Stipulation of Dismissal, *plaintiff was no longer a party to the litigation* due to the fact that the Stipulated Agreement of

Dismissal (to which she was a signatory) had been filed two weeks earlier, on December 13.[4]

On March 13, 2023, Toastmasters International filed an objection to plaintiff's "Reply and Statement," asserting that the December 27 Stipulation of Dismissal was filed to ensure that any remaining third-party claims related to the case were dismissed. Toastmasters International further stated that plaintiff had not been notified of the December 27 Stipulation of Dismissal because she was no longer a party to the case as a result of the filing of the December 13 Stipulated Agreement of Dismissal.

On March 24, 2023, a hearing was held with respect to plaintiff's "Reply and Statement." The plaintiff and counsel for all defendants were present at the hearing. At that hearing, the trial justice asked plaintiff if she was seeking to withdraw her consent to the December 13 Stipulated Agreement of Dismissal. The plaintiff stated that she "would like to rescind the stipulated dismissal that was signed by both attorneys and [her] because [she] submitted [it] under duress * * *." The trial justice then proceeded to schedule a trial date. The record does not contain any indication that the trial justice actually ordered that the December 13 Stipulated Agreement of

---

[4] The Stipulated Agreement of Dismissal that was filed on December 13, 2022 was signed by plaintiff and counsel for all defendants. (At the hearing on March 24, 2023, plaintiff stated: "I filed [the Stipulated Agreement of Dismissal] on December 13th, and the -- the case was closed on that date.")

- 5 -

Dismissal was being vacated. However, in spite of the regrettable absence of a notation to that effect in the docket, we infer from the trial justice's scheduling of a trial date that her intent at the March 24, 2023 hearing was to vacate the December 13 Stipulated Agreement of Dismissal.

On March 28, 2023, the individual defendants filed an objection to the trial justice having *sua sponte* vacated the parties' Stipulated Agreement of Dismissal at the March 24 hearing.[5] In their objection, the individual defendants asserted that the trial justice erred in vacating the Stipulated Agreement of Dismissal without the consent of all parties. The individual defendants also contended that they had not been afforded a sufficient opportunity to object to the trial justice's ruling at the March 24 hearing.

On March 29, 2023, plaintiff filed a reply to the individual defendants' objection, contending that the absence of any objection by defendants at the March 24 hearing should be considered to constitute their consent to the vacating of the Stipulated Agreement of Dismissal.

On April 21, 2023, a further hearing was held. At that hearing, the trial justice noted that she had reviewed the objection of defendants to her having vacated the Stipulated Agreement of Dismissal, and she said that she found the objection to

---

[5] On April 5, 2023, Toastmasters International joined the individual defendants' objection.

"have some merit." The trial justice then stated that she would like to give both sides an opportunity to brief the matter and engage in oral argument about it at a subsequent hearing. She then vacated her previous order scheduling a trial date, denied a motion for a change of venue that plaintiff had filed, and stated that there would be a further hearing in June of 2023.

On April 24, 2023, Toastmasters International filed a motion to vacate the trial justice's scheduling order for hearings regarding dispositive and non-dispositive motions. On May 26, 2023, the individual defendants filed a motion to enforce the Stipulated Agreement of Dismissal, to which plaintiff timely objected.

On June 20, 2023, the trial justice heard argument on defendants' motion to enforce the Stipulated Agreement of Dismissal and the motion to vacate the scheduling order. Stating that she would look to the "substance of the motion[s]" rather than the labels affixed to them, she then said she would "regard defendants' motions as motions for the [c]ourt to reconsider its interlocutory decision to grant plaintiff's request to withdraw the stipulation of dismissal." The trial justice stated that it was appropriate for her to entertain defendants' motions in view of her determination that defendants had not been afforded proper notice at the March 24 hearing that the Stipulated Agreement of Dismissal might be vacated. The trial justice commented that, when a "change of course" is proper, she has the "inherent power" to modify any interlocutory order prior to final judgment.

The trial justice noted that, under Rule 41 of the Superior Court Rules of Civil Procedure, when a "lawsuit is voluntarily dismissed * * * the lawsuit is no more." She stated that she lacked the authority to set aside a "consent order" without the consent of all parties "absent fraud, mutual mistake, actual lack of consent to that order, or some extraordinary circumstance." The trial justice further stated that at the March 24 hearing she had not afforded defendants proper notice or an opportunity to object to what she had deemed to be a motion to vacate the Stipulated Agreement of Dismissal.[6] She stated that, after balancing the interests of the parties and the "propriety of changing course," she found that it was proper to grant defendants' motions to enforce the Stipulated Agreement of Dismissal and to vacate the scheduling order. As a result, she ordered the December 13, 2022 Stipulated Agreement of Dismissal to be "reinstated." On September 1, 2023, an order was entered granting defendants' motions and deeming all other pending motions in the case moot.

The plaintiff filed a timely notice of appeal on September 19, 2023.

---

[6]     It will be recalled that the document filed by plaintiff, which was the focus of the March 24, 2023 hearing, was entitled "Reply and Statement for the Record Pertaining to the Re-opening of the File."

- 8 -

## II

## Issues on Appeal

On appeal, plaintiff argues that the trial justice erred in granting defendants' motion to enforce the Stipulated Agreement of Dismissal and the motion to vacate the scheduling order. The plaintiff also contends that the trial justice erred in treating defendants' motions as motions to reconsider. The plaintiff also appeals from interlocutory orders denying her motions to amend her complaint a third and fourth time.

## III

## Standard of Review

This Court has recognized that a trial justice has the authority to grant relief from interlocutory rulings and may vacate a prior ruling if the trial justice determines that he or she may have erred. *See Atmed Treatment Center, Inc. v. Travelers Indemnity Company*, 285 A.3d 352, 362 (R.I. 2022). In addressing a motion to reconsider, a trial justice "must balance the interests of the parties against a thoughtful determination that a change of course is proper under the circumstances * * *." *Id.*

## IV

## Analysis

On appeal, plaintiff contends that the trial justice properly granted plaintiff's request to "rescind" the December 13 Stipulated Agreement of Dismissal. The plaintiff argues that her "Reply and Statement" complied with Rule 7(b) of the Superior Court Rules of Civil Procedure and provided defendants with sufficient notice of her intention to seek the rescission of the Stipulated Agreement of Dismissal. She further contends that the absence of an objection by defendants at the March 24 hearing demonstrated that they had no objection to the rescission of the Stipulated Agreement of Dismissal. She also contends that the trial justice erred in treating defendants' motions as motions to reconsider and in reinstating the Stipulated Agreement of Dismissal.[7] The plaintiff also asserts that, when she signed the Stipulated Agreement of Dismissal, she was under duress stemming from "health issues;" she adds that she sought to withdraw her assent to the Stipulated Agreement of Dismissal "when her health was restored."

---

[7] The plaintiff also contends that the trial justice erred in referencing Rule 60(b) of the Superior Court Rules of Civil Procedure while she was making the interlocutory decision to reinstate the Stipulated Agreement of Dismissal. In view of the trial justice's broad authority to grant relief from interlocutory rulings (*see Atmed Treatment Center, Inc. v. Travelers Indemnity Company*, 285 A.3d 352, 362 (R.I. 2022)), we see no need to opine as to the applicability *vel non* of Rule 60(b) in a situation such as the highly unusual one that this case presents.

The defendants[8] contend that the trial justice erred when she vacated the Stipulated Agreement of Dismissal and that the subsequent reversal of her decision was proper. The defendants argue that the Stipulated Agreement of Dismissal was effectively a consent order that had a binding and final effect upon the parties and the case. They add that, because the trial justice treated plaintiff's "oral request" to rescind the Stipulated Agreement of Dismissal as a motion to vacate the Stipulated Agreement of Dismissal, defendants thereby lost the opportunity to be heard and proceed further. They contend that the trial justice's interlocutory decision to reverse her initial rescission of the Stipulated Agreement of Dismissal was proper and should stand on appeal. The defendants also argue that plaintiff knowingly and voluntarily dismissed her claims with prejudice and that any health issue which she may have been experiencing at the time of the signing of the document did not constitute duress.

Rule 6(c) requires that a written motion and notice of the hearing "shall be served not later than ten (10) days before the time specified for the hearing * * *." Pursuant to Rule 7(b)(1), an "application to the court for an order * * * shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

---

[8] Since the individual defendants and Toastmasters International were of one mind as to the need to enforce the Stipulated Agreement of Dismissal and to vacate the scheduling order even though they were represented by separate counsel, we shall hereinafter refer to them collectively as "defendants."

In the case at bar, it was not at all clear prior to the March 24 hearing that plaintiff's "Reply and Statement" might be viewed as a motion to vacate the Stipulated Agreement of Dismissal, and defendants were thereby deprived of the notice required by Rule 6(c) and Rule 7(b)(1).[9] *See Tucker v. Kittredge*, 795 A.2d 1115, 1118 (R.I. 2002). This Court has previously held that a stipulation that is entered into with the assent of both parties "relative to * * * an element of a claim, is conclusive upon the parties * * *." *Resendes v. Brown*, 966 A.2d 1249, 1255 (R.I. 2009) (quoting *In re McBurney Law Services, Inc.*, 798 A.2d 877, 881-82 (R.I. 2002)). Such a stipulation has the "attributes of a consent order * * * and cannot be set aside simply because a litigant no longer wants to be bound by its terms," nor can it be "set aside without the assent of the parties * * *." *Id.* (quoting *In re McBurney Law Services, Inc.*, 798 A.2d at 882); *see also* Super. R. Civ. P. 41(a)(1). The record clearly reflects that all parties never assented to the vacating of the Stipulated Agreement of Dismissal. Moreover, plaintiff fails to point to anything in the record that would support an argument alleging fraud, mutual mistake, or other extraordinary circumstances that might call for the Stipulated Agreement of Dismissal being vacated.

---

[9]     Likewise, plaintiff's oral statements at the March 24 hearing in no way constituted compliance with Rule 6(c) and Rule 7(b)(1). Especially noteworthy is plaintiff's failure to comply with requirements in Rule 6(c) that there be *written* notice and that it be provided "not later than ten (10) days" before the date of the hearing.

As previously indicated, this Court has recognized that a trial justice has "plenary authority to afford relief from interlocutory judgments" and is "free to vacate her original decision upon concluding that [he or] she may have erred." *Atmed Treatment Center, Inc.*, 285 A.3d at 362; *see also Renewable Resources, Inc. v. Town of Westerly*, 110 A.3d 1166, 1171 (R.I. 2015); *see generally Greene v. Union Mutual Life Insurance Company of America*, 764 F.2d 19, 22 (1st Cir. 1985). At the hearing on June 20, 2023, the trial justice recognized that she had initially erred in granting plaintiff's oral motion and in vacating the Stipulated Agreement of Dismissal without defendants having been provided with sufficient notice and opportunity to prepare their arguments and objections. She further noted that, without the assent of all parties, it was improper for her to have set aside the Stipulated Agreement of Dismissal. The trial justice then stated that, upon balancing the interests of both parties, she had determined that it would be most equitable to reverse her previous interlocutory ruling and to enforce the Stipulated Agreement of Dismissal. We discern no reason to disturb these well-grounded rulings of the trial justice. In addition, the trial justice's finding that plaintiff did not adequately demonstrate that she was under duress when agreeing to and signing the Stipulated Agreement of Dismissal is supported by the record. Lastly, because we deem the trial justice's reinstatement of the Stipulated Agreement of Dismissal to be proper, we need not

- 13 -

reach plaintiff's arguments concerning the additional interlocutory orders from which she has sought to appeal.

We also consider it important to state that we appreciate the patience exhibited by the trial justice throughout the litigation in the Superior Court. The trial justice conducted herself at all times with admirable decorum, even when she found it necessary to admonish the plaintiff for her disrespectful attitude towards court employees. Having said that and being aware of the fact that this case is now in its eighth year, we would emphasize that "[t]here is nothing more to be said; this case is over." *Palazzo v. Alves*, 944 A.2d 144, 155 (R.I. 2008); *see also Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007) ("It is time for this litigation to end."); *Gunn v. Union Railroad Company*, 27 R.I. 320, 336, 62 A. 118, 125 (1905).

# V

## Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The record may be returned to that tribunal.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Judith Clinton v. Chad Babcock et al. |
| **Case Number** | No. 2023-310-Appeal. (WC 17-376) |
| **Date Opinion Filed** | March 24, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Judith Clinton, *pro se*<br>For Defendants:<br><br>Todd J. Romano, Esq.<br>Stephen J. Brouillard, Esq. |